# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| HANK BLAND, KENDELL JACKSON, *on behalf of themselves and all others similarly situated,* </br></br> *Plaintiffs,* </br></br> v. </br></br> CAROLINA LEASE MANAGEMENT GROUP, LLC; CTH RENTALS, LLC; and OLD HICKORY BUILDINGS, LLC </br></br> *Defendants.* | No. _____ </br></br> **JURY DEMANDED** |

## NOTICE OF REMOVAL

All Defendants to this matter, jointly and unanimously, by and through undersigned counsel, hereby notice removal of this lawsuit from the General Court of Justice, Superior Court Division, Craven County, North Carolina, to the United States District Court for the Eastern District of North Carolina, Eastern Division, and respectfully submit the following information to this Honorable Court:

### BACKGROUND

On March 10, 2022, Plaintiffs filed a Complaint in the General Court of Justice, Superior Court Division, Craven County, North Carolina, captioned *Hank Bland, Kendell Jackson, on behalf of themselves and others similarly situated v. Carolina Lease Management Group, LLC, CTH Rentals, LLC, and Old Hickory Buildings, LLC,* Civil Action No. 22-CVS-306.

Plaintiffs served all Defendants, c/o Registered Agents, Inc. with a copy of the Summons and Complaint by mailing the same by Federal Express mail to Defendants, March 11, 2022. A true and correct copy of the Summons and Complaint and other documents served on Defendants in the State Court Action are attached as Exhibit A. This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b).

The United States District Court for the Eastern District of North Carolina, Eastern Division, is the United States District Court embracing the place where the State Court Action was pending. The State Court Action therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## LAW AND ARGUMENT

**I.     Defendants Have Satisfied All Procedural Requirements for Removal.**

On March 10, 2022, Plaintiffs commenced the above-style civil action in the General Court of Justice, Superior Court Division, Craven County, North Carolina, styled *Hank Bland, Kendell Jackson, on behalf of themselves and others similarly situated v. Carolina Lease Management Group, LLC, CTH Rentals, LLC, and Old Hickory Buildings, LLC,* Civil Action No. 22-CVS-306. This action is currently pending in the General Court of Justice, Superior Court Division, Craven County, North Carolina.

Defendants first received a copy of the lawsuit when served on March 11, 2022. A true and correct copy of the Summons and Complaint and other documents served on Defendants in the State Court Action are attached as Exhibit A. This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b).

No previous application has been made for the relief requested herein

Pursuant to 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice of the filing of this Notice of Removal to Plaintiffs, and a copy of this Notice of Removal is being filed with the Clerk of the Craven County General Court of Justice, Superior Court Division. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

## II. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).

This Court has jurisdiction over this action under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

A. <u>Complete Diversity of Citizenship Exists Between the Plaintiffs and Defendants.</u>

Plaintiffs are citizens of the State of North Carolina. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). Here, the Complaint specifically alleges that Plaintiffs Hank Bland and Kendell Jackson are "individual[s] and [are] citizen[s] and resident[s] of Craven County, North Carolina. Compl. ¶ 11 and ¶ 12.

Because Carolina Lease Management Group, LLC, CTH Rentals, LLC, and Old Hickory Buildings, LLC are limited liability companies, each "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d

Cir. 2019). The Complaint does not plead the place(s) of citizenship of the members of Carolina Lease Management Group, LLC, CTH Rentals, LLC, or Old Hickory Buildings, LLC. All members of Carolina Lease Management Group, LLC; all members of CTH Rentals, LLC; and all members of Old Hickory Buildings, LLC are citizens of states other than North Carolina (Tennessee and Arizona). *See* Exhibits C, D, E – Affidavits of Citizenship of Defendants. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Because all members of the Defendant parties are citizens of the State of Tennessee and Arizona, the Defendants are also citizens of the State of Tennessee and Arizona for purposes of diversity of citizenship. Furthermore, the defendants' principal places of business are Tennessee. Plaintiffs are all citizens of North Carolina.

Hence, there is complete diversity between the Plaintiffs and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. In addition, no defendant is a citizen of the state in which this action is brought.

   B. Removal of this Action is Timely

Plaintiffs filed the Complaint in the Superior Court of the State of North Carolina, Craven County on March 10, 2022. The Summons and Complaint were subsequently served on CTH Rentals, LLC, on March 11, 2022, via Federal Express mail. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

4

Case 4:22-cv-00033-BO    Document 1    Filed 04/08/22    Page 4 of 8

is based"). Furthermore, Defendants have done nothing in the Civil Action in the State Court that would in any way affect this Court's removal and subject matter jurisdiction over this matter.

    C. <u>Venue is Proper</u>

This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Eastern District of North Carolina, Eastern Division embraces Craven County, North Carolina. 28 U.S.C. § 112(d).

    D. <u>The Amount in Controversy Requirement is Satisfied.</u>

To determine the amount in controversy, courts look first to the Plaintiffs' Complaint. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id*. (internal quotation marks and citations omitted).

The amount in controversy meets the jurisdictional requirements. While Plaintiffs' Complaint against the Defendants does not state a sum of money damages, it is apparent from the face of the Complaint and its allegations that the amount in controversy is more than $75,000.00, exclusive of interest and costs. "Where no amount is specified, this fact alone does not bar a finding that the jurisdictional amount has been met." *MBIA Ins. Corp. v. Royal Bank of Canada*,

706 F. Supp. 2d 380, 390 (S.D.N.Y. 2009) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006)). "[I]n such a case, a defendant asserting removability must show 'that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Id.* at 391 (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). Plaintiffs' allegations contain a class action assertion, claiming other individuals similarly situated to the named Plaintiffs. The class claims plus the individual named plaintiffs' claims make it clear on the Complaint the amount in controversy is in excess of the statutory amount.

E. <u>Unanimity is Met</u>

Lastly, unanimity is satisfied. Plaintiffs have filed suit against Defendants who together seek removal of this matter. As such, unanimity is met.

**PRESERVATION OF RIGHTS AND DEFENSES**

All rights are reserved, including, but not limited to defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

Defendants also reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED,** all Defendants to this matter, jointly and unanimously pray that this Court remove this civil action from the General Court of Justice, Superior Court Division of Craven County, North Carolina and assume jurisdiction over this

action, and that this action shall proceed as removed under this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Plaintiffs are notified to proceed no further in state court.

This the 8th day of April 2022.

                                              CEDAR GROVE LAW

                                              BY: *Jonathan Williams*
                                              Jonathan Williams, NC State Bar No.50021
                                              *Attorney for Defendants*
                                              PO Box 1389
                                              Hillsborough, NC 27278
                                              Telephone 919-903-2617
                                              jon@cedargrove.law

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022, I caused a copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the Clerk of Court using the CM/ECF system. I further certify that I have served the same via first class mail, postage prepaid, in envelope(s) addressed as follows:

Adrian M. Lapas
Charles Delbaum
Lapas Law Offices, PLLC
*Attorney for Plaintiffs*
Post Office Box 10688
Goldsboro, NC 27532
adrian@lapaslaw.com


This the 8th day of April 2022.

    CEDAR GROVE LAW

    BY: *Jonathan Williams*
    Jonathan Williams, NC State Bar No.50021
    *Attorney for Defendants*
    PO Box 1389
    Hillsborough, NC 27278
    Telephone 919-903-2617
    jon@cedargrove.law