IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-33-BO

HANK BLAND, KENDELL JACKSON, )
and LUETTA INNISS, on behalf of )
themselves and all others similarly situated, )
)
Plaintiffs, )
)
v. ) ORDER
)
CAROLINA LEASE MANAGEMENT )
GROUP, LLC, CTH RENTALS, LLC, and )
OLD HICKORY BUILDINGS, LLC, )
)
Defendants. )

This cause comes before the Court on defendants' motions to dismiss the original complaint and the amended complaint. Plaintiffs have responded, defendants have replied, and the matters are ripe for ruling.

BACKGROUND

Plaintiffs initiated this action by filing a complaint in the Superior Court for Craven County, North Carolina. Defendants removed the action to this Court pursuant to its diversity jurisdiction and moved to dismiss plaintiffs' complaint. Plaintiffs then filed an amended complaint, which defendants have also moved to dismiss.

In their amended complaint, plaintiffs seek redress from purported "rent-to-own" transactions with defendants for storage sheds or portable buildings. Plaintiffs contend that these "lease" agreements are, in fact, "consumer credit sales" which include excessive finance charges in violation of North Carolina's Retail Installment Sales Act (NC RISA). N.C. Gen. Stat. §§ 25A-1 *et seq.* Plaintiffs, who filed this action as a putative class action, seek a declaratory judgment

that the agreements at issue constitute consumer credit sales under NC RISA and that in using these agreements defendants have imposed, charged, or collected a finance charge in excess of what is permissible under the NC RISA; that the subject agreements are void under the NC RISA; that defendants imposed excessive finance charges. Plaintiffs further allege that defendants violated the North Carolina Unfair and Deceptive Trade Practices Act by using agreements which violate NC RISA; that defendants engaged in a civil conspiracy; that defendant Carolina Lease Management Group engaged in unfair debt collection practices; and finally that defendants were engaged in a joint venture.

Defendants have moved to dismiss plaintiffs' amended complaint for failure to state a claim upon which relief can be granted because the claims are time-barred by the applicable statute of limitations. Defendant Old Hickory Buildings has also moved to dismiss the amended complaint, arguing that plaintiffs do not allege that Old Hickory Buildings was a party to any of the rental agreements plaintiffs allege are void and unenforceable.

## DISCUSSION

At the outset, because plaintiffs have filed an amended complaint, the motion to dismiss the original complaint is moot. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or

2

arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

"A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In some circumstances, however, there are sufficient facts available on the face of the complaint to rule on an affirmative defense such as a statute of limitations defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

The parties agree that North Carolina law governs this action. Plaintiffs' claims each arise from defendants' alleged violations of NC RISA. The NC RISA does not provide a statute of limitations, and the Court determines that the three-year statute of limitations provided in N.C. Gen. Stat. § 1-52(2) applies.[1]

As alleged in the amended complaint, the named plaintiffs entered into their respective rental or lease agreements with defendant Carolina Lease Management Group on June 18, 2018 [DE 15-1 p. 20], August 20, 2018 [DE 15-1 p. 4], and September 7, 2018 [DE 15-1 p. 12]. "In general a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain a suit arises[.]" *Pierson v. Buyher*, 330 N.C. 182, 186 (1991) (citation omitted). Plaintiffs allege that these agreements are void ab initio because they are in violation of the NC RISA.

---

[1] Defendants have argued in the alternative that the one-year statute of limitations found in the Consumer Credit Protection Act applies because NC RISA includes a provision that "[i]n all cases of irreconcilable conflict between [NC RISA] and the . . . Consumer Credit Protection Act, the provisions of the Consumer Credit Protection Act shall control." N.C. Gen. Stat. § 25A-45. The Court does not discern the absence of a statute of limitations in NC RISA to amount to an irreconcilable conflict between it and the Consumer Credit Protection Act, and thus the Court applies the three-year statute of limitations as outlined above.

3

Based on the allegations in plaintiffs' complaint, the statute of limitations commenced in 2018 when the plaintiffs entered into their agreements with Carolina Lease Management Group. The complaint in this case was filed on March 10, 2022, in Craven County Superior Court. The complaint was therefore filed outside the limitations period applicable to NC RISA claims. Because the NC RISA claims are barred, plaintiff's remaining claims also fail as they are each premised on defendants' alleged violation of NC RISA. *See Reg. v. N. Sun Hous. & Dev., Inc.*, No. 7:04-CV-68-FL, 2005 WL 8159532, at *10 (E.D.N.C. Sept. 2, 2005), aff'd sub nom. *Reg. v. Flagstar Bank*, 205 F. App'x 154 (4th Cir. 2006) (dismissing unfair and deceptive trade practice claim where premised solely on other claims which had been dismissed on merits or statute of limitations grounds).

Plaintiffs contend that their claims did not accrue until 2021 or 2022 when they discovered that their agreements with Carolina Lease Management group were void or in violation of NC RISA. In so doing, plaintiffs rely on cases involving breach of contract claims, which is not a claim at issue here. *See, e.g., Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 6 (2017) ("A cause of action is complete and the statute of limitations begins to run upon the inception of the loss from the contract, generally the date the promise is broken"); *see also Chisum v. Campagna*, 376 N.C. 680, 702 (2021) (statute of limitations does not begin to run against "a plaintiff who has no way of knowing that the underlying breach has occurred").

Plaintiffs have identified no case, however, in which the statute of limitations for an alleged statutory violation begins to run only upon a plaintiff's discovery that the statute has been violated. North Carolina law certainly recognizes that the accrual of a cause of action may occur upon discovery of certain facts, but it is the discovery of facts, not the legal significance of those facts, which triggers the limitations period. *See, e.g., Jackson v. Minnesota Life Ins. Co.*, 275 F. Supp.

4

3d 712, 723 (E.D.N.C. 2017) (discussing North Carolina's statute of limitations for fraud claims). "Even if plaintiffs failed to grasp" that their lease agreements are, as they allege, in violation of NC RISA, "one who signs a paper-writing is under a duty to ascertain its contents, and in the absence of a showing that he was willingly misled or misinformed by the defendant as to its contents ... he is held to have signed with full knowledge and assent as to what is therein contained." *Id.* (quoting *Williams v. Williams*, 220 N.C. 806, 809–10 (1942)).

Nor does the continuing violation doctrine operate to render some plaintiffs' claims timely. "When this doctrine applies, a statute of limitations does not begin to run until the violative act ceases[,]" but it applies only where there are continued unlawful acts, not "continued ill effects from an original violation." *Williams v. Blue Cross Blue Shield*, 357 N.C. 170, 179 (2003) (internal quotation and citation omitted); *see also Faulkenbury v. Teachers' & State Employees' Ret. Sys.*, 108 N.C. App. 357, 368 (1993) (continuing violation doctrine falls into two categories: where there is a long-standing policy of discrimination or a continually recurring violation).

Plaintiffs' complaint alleges continued ill effects of defendants' alleged NC RISA violations in the form of lease or rental agreement payments, not continued unlawful acts. *See ACTS Ret.-Life Cmtys., Inc. v. Town of Columbus*, 248 N.C. App. 456, 462 (2016) (monthly bills constituted continued ill effects not new unlawful acts). Although plaintiffs rely on *Petruzzo v. HealthExtras, Inc.*, No. 5:12-CV-113-FL, 2014 WL 12546371, at *14 (E.D.N.C. Sept. 8, 2014), to argue that the continuing violation doctrine should apply to their claims, the Court is not persuaded. *See also Jasmen Corp. v. Edwards*, No. 5:21-cv-00206-M, 2022 U.S. Dist. LEXIS 53648, at *15 (E.D.N.C. Mar. 23, 2022) (payment of insurance premiums for allegedly deficient policy does not constitute continuing violation).

5

First, North Carolina courts "have used this exception narrowly." *Birtha v. Stonemor, N.C., LLC*, 220 N.C. App. 286, 292 (2012). Second, while North Carolina courts have held that "the payment of [] illegal fees tolls the running of the statute of limitations, and that a plaintiff is entitled to recover all fees within the limitations period from the time their cause of action is initiated," it has applied that rule "so long as the illegality was not complete at the time the transaction took place between the parties." *Amward Homes, Inc. v. Town of Cary*, 206 N.C. App. 38, 57 (2010). For example, in *Amward*, the court found the continuing violation doctrine to apply to the Town of Cary's acceptance of fees imposed by a subdivision proposal and paid by the home builders who later sought building permits. The builders subsequently filed suit, alleging due process and equal protection claims, and as well as a claim that the ordinance requiring the fees was *ultra vires*. The *Amward* court held that each time a builder paid the allegedly illegal fee a new violation occurred which triggered the running of the statute of limitations.

Here, the alleged illegality was complete when the lease or rental agreements were entered into. As is alleged in plaintiffs' amended complaint, the "rental purchase agreements" contained the total cost, the number and amount of the payments, and the terms of the agreement. The statute of limitations therefore bars their claims. *See also Williams v. Rojano*, 252 N.C. App. 78, 81 (2017) (declining to apply continuing violation doctrine to claim that county had garnished wages in excess of the amount permitted by the law).

At bottom, plaintiffs' NC RISA claims are untimely as they were filed more than three years following their entry into the relevant agreements. Because plaintiffs' NC RISA claims are barred, plaintiffs' remaining claims fail as they are premised on defendants' alleged NC RISA violations. The amended complaint is therefore appropriately dismissed. The Court need not consider defendant Old Hickory Buildings' separate Rule 12(b)(6) motion.

## CONCLUSION

Accordingly, defendants' motion to dismiss the original complaint [DE 9] is DENIED AS MOOT. Defendants' motion to dismiss the amended complaint [DE 19] is GRANTED. Defendant Old Hickory Buildings' motion to dismiss [DE 21] is DENIED WITHOUT PREJUDICE. The clerk is directed to close the case.

SO ORDERED, this ~~28~~ day of October 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE