IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE No.: 4:22-CV-33-BO

| | |
|---|---|
| HANK BLAND, KENDELL JACKSON, LUETTA INNISS, for themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CAROLINA LEASE MANAGEMENT GROUP, LLC, CTH RENTALS, LLC, and OLD HICKORY BUILDINGS, LLC,<br><br>　　　　　　　Defendants. | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS FOR PURPOSES OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIS CAUSE coming on to be heard before the Court on Plaintiffs'

Unopposed Motion for Preliminary Approval of the Class Action Settlement, the

supporting memorandum of law and declarations, and the proposed forms of notice

to the Settlement Class, it is hereby ORDERED as follows:

　　　　1.　　Unless otherwise defined herein, all terms that are capitalized herein

shall have the meanings ascribed to those terms in the Settlement Agreement.

　　　　2.　　This Court has jurisdiction over this matter, Plaintiffs, all Settlement

Class members, and settling Defendants Carolina Lease Management, LLC and

CTH Rentals, LLC (hereinafter collectively "Defendants"). Defendant Old Hickory

Buildings, LLC, is not a party to the Settlement.

3.    The Court finds that the proposed Settlement with Defendants set forth in the Settlement Agreement appears to be sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and that notice of the Settlement should be provided to the Settlement Class and a hearing held as set forth below.

4.    Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons residing in North Carolina who entered into a "Rental Purchase and Disclosure Statement" with Carolina Lease Management Group, LLC, for personal property in a form substantially similar to the form contracts that Carolina Lease Management Group, LLC entered into with Hank Bland, Kendell Jackson, and Luetta Inniss (exemplar attached as Exhibit A to the Settlement Agreement) and from whom Carolina Lease Management Group, LLC sought to collect payments on such an Agreement on or after March 10, 2018.
>
> Any Judge or Magistrate presiding over this action and members of their families are excluded from this definition.

5.    Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rule of Civil Procedure 23(a) and (b), are satisfied in that:

> (a)    the Settlement Class is so numerous that joinder of all members is impracticable;
>
> (b)    there are questions of law or fact common to the Settlement Class;
>
> (c)    Plaintiff and Class Counsel (each defined below) will fairly and adequately represent the Settlement Class;

(d)   the claims of Plaintiffs are typical of those of Settlement Class members;

(e)   Common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)   Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)   Settlement of the Action on a class action basis is superior to other means of resolving this matter.

6.   The Court appoints Adrian Lapas, Jennifer Wagner and Charles Delbaum as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7.   The Court hereby appoints Hank Bland, Kendell Jackson, Luetta Inniss (collectively "Plaintiffs") to serve as Class Representatives on behalf of the Settlement Class for settlement purposes only.

8.   The Court hereby appoints the claims administrator proposed by the Plaintiffs, American Legal Claims Services, LLC. The Settlement Administrator will conduct a national change-of-address search for all potential Settlement Class Members before the initial mailing. An address locator search will be performed on the notices returned as undeliverable. Additionally, notice will be provided by email for Settlement Class Members for whom Settling Defendants have an email address. The Settlement Administrator will establish and maintain an informational website regarding the Settlement. The website link will be identified in the Class Notice. The Settlement Website will include the Class Action

Complaint (FAC), pleadings, orders, the Settlement Agreement and all Exhibits thereto, the Preliminary Approval Order, the Class Notice, and any other material agreed to by the Parties or required by the Court. The Settlement Website will also have an agreed "Frequently Asked Questions" section. The Settlement Website will allow Class Members to update their address and contact information and request electronic payments rather than payment by paper check, if so desired. No claim form will be required. Upon Final Approval, the Settlement Administrator will mail checks to class members who have been located and have not opted out.

9.      The Court approves the Class Notice, and finds that the dissemination of the Notices substantially in the manner and form set forth in the Settlement Agreement attached to the Motion as Exhibit 1, complies fully with the requirements of Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the best notice practicable under the circumstances.

10.     All costs incurred in disseminating and otherwise complying with this Order in connection with the Class Notice shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

11.     Notice shall be mailed to class members within 14 days from date of Preliminary Approval Order.

12.     The Final Fairness Hearing shall be set for October 28, 2025.

13.     Objections shall be filed no later than  October 7 , 2025, which is 21 days prior to Date of Final Fairness Hearing.

Case 4:22-cv-00033-BO    Document 103    Filed 07/24/25    Page 4 of 8

14. Any class member who chooses to exclude himself from the settlement must file appropriate notice by ___October 13___, 2025, which is 15 days prior to Date of Final Fairness Hearing.

15. Plaintiff's Motion for Final Approval shall be filed at least by October 14 2025, which is 14 days prior to Date of Final Fairness Hearing.

16. Plaintiff's Motion for Attorney Fees shall be filed by _September 23_, 2025, which is 35 days prior to Final Approval Hearing

17. Defendants shall pay $6,998,328.87 to the Bland Settlement Fund seven (7) days following entry of the Preliminary Approval Order.

18. Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney.

19. Any Settlement Class Member who has not opted out may submit a written objection to the Settlement Agreement. Appropriate documents must be filed with the Court no later than twenty-one (21) days before the date scheduled for the Fairness Hearing. The Class Notice will specify the information necessary for a valid objection to the Settlement.

20. Settlement Class members who do not timely object or opt out and who do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

21. A Fairness Hearing to determine whether the settlement agreement is "fair, reasonable and adequate" pursuant to Federal Rule of Civil Procedure 23(e)

shall be held on ___October 28___, 2025 at __11:00__ ⓐ.m./p.m. in the United States

Courthouse for the Eastern District of North Carolina located as follows:

306 East Main Street, Elizabeth City, North Carolina

22. At the Fairness Hearing, the Court will consider

   (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court;

   (b) entry of an order including the Release;

   (c) entry of the Final Approval Order; and

   (d) entry of Final Judgment in this Action.

23. Class Counsel's application for an award of attorneys' fees and costs, and request for the Court to award service awards to the named plaintiffs, shall also be heard at the time of the Fairness Hearing.

24. The date and time of the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. If the Court adjourns the date for the Fairness Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Date, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Fairness Hearing unless those dates are explicitly changed by subsequent Order.

25. Only Settlement Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any Settlement Class member who does not timely file and serve an objection in writing

in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) Service Awards for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

26.     Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

27.     Upon entry of the Order and Final Judgment all members of the Settlement Class who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendants with respect to all of the Released Claims.

28.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendants and any other released party, and the Defendants and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This Action shall thereupon revert forthwith to its respective procedural

and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

29.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

SO ORDERED, this the ___ day of July, 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE