IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE No.: 4:22-CV-33-BO

| | |
|---|---|
| HANK BLAND, KENDELL JACKSON, LUETTA INNISS, for themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |
| CAROLINA LEASE MANAGEMENT GROUP, LLC, CTH RENTALS, LLC, and OLD HICKORY BUILDINGS, LLC, | |
| Defendants. | |

Plaintiffs Hank Bland, Kendell Jackson, Luetta Inniss (collectively "Plaintiffs"), with no opposition from Defendants Carolina Lease Management, LLC and CTH Rentals, LLC, (collectively "Settling Defendants") and pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully move this Court for an Order of Final Approval of the Class Action Settlement in this action. In support of this Motion, Plaintiffs show that class certification is warranted under Rule 23 of the Federal Rules of Civil Procedure; the proposed settlement is fair, adequate, and reasonable and that, together with the notice plan previously approved by this Court, satisfies the obligations under Rule 23 of the Federal Rules of Civil Procedure and considerations of due process; and that the other requested relief is

well-grounded in law and fact, as set forth in the accompanying supporting memorandum of law filed contemporaneously with this motion.

WHEREFORE, Plaintiffs respectfully pray this Court enter an Order for the following relief:

1. Finding that the settlement was entered into in good faith and granting Final Approval of this class action settlement as fair, reasonable, and adequate, and in the best interest of the Class under Rule 23 of the Federal Rules of Civil Procedure, including approval of the Distribution Plan, and confirming certification of the Class;

2. Finding that the notice given to Class Members under the notice plan satisfied the obligations of Rule 23 of the Federal Rules of Civil Procedure and due process of law;

3. Provides that each Verified Settlement Class Member shall be bound by this Agreement, including the Release contained in Article XI of the Settlement Agreement;

4. Approves a service award of $10,000.00 to each of the Class Representatives in this Litigation;

5. Approves an award of $2,309,448.53 as and for attorney's fees and costs to Class Counsel as prayed for in Plaintiffs' Motion filed on September 23, 2025, ECF No. 104;

6. Releases and discharges CLMG and CTH from all Released Claims;

7. Dismisses all remaining claims by the Verified Settlement Class in this Litigation on the merits and with prejudice, contingent on a similar order being entered in the companion case of *Carolina Lease Management Group, LLC v. Greene*, No. 21-CvS-134-510 (Jones Cty. Sup. Ct., N.C.);

8. Provides that if funds remaining from unclaimed or uncashed checks are sufficient to make it economically reasonable, the Settlement Administrator will make a second round of distributions to those Verified Class Members who cashed their initial checks. After the time expires for Verified Class Members to cash their initial distribution checks, Plaintiffs shall inform the Court of the total number of Class Members who cashed their checks and the amount remaining as undistributed funds, so that the Court can make the determination regarding economic feasibility. If the funds are insufficient for this purpose, or if any funds are uncashed after a second distribution, then the Settlement Administrator shall disburse the remaining funds to the non-profit organization North Carolina Justice Center, 224 S. Dawson Street, Raleigh, North Carolina 27601.

9. Provides that the effective date of this Order is contingent upon an Order being entered in the case of *Carolina Lease Management Group, LLC v. Greene*, No. 21-CvS-134-510, pending in Superior Court in Jones County, North Carolina, approving a class action settlement of that matter as referenced in the Settlement Agreement herein;

10. Provides that this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement

of this Order, the Settlement Agreement as relates to the litigation before this Court and any Judgment entered herein; and

11.    For such other and further relief as this Court deems just and proper.

This the 14th day of October, 2025.

### LAPAS LAW OFFICES, PLLC

By:   *s/ Adrian M. Lapas*
      Adrian M. Lapas
      Attorney for Plaintiffs
      Post Office Box 10688
      Goldsboro, NC 27532
      Telephone: (919) 583-5400
      Facsimile: (919) 882-1777
      N.C. State Bar No.: 20022
      Email: adrian@lapaslaw.com

### NATIONAL CONSUMER LAW CENTER

By:   *s/ Jennifer S. Wagner*
      Jennifer S. Wagner
      W.V. Bar No. 10639

By:   *s. Charles M. Delbaum*
      Charles M. Delbaum
      Mass. Bar No. 543225

      7 Winthrop Square
      Boston, MA 02110
      Telephone: (617) 226 0313
      Facsimile: (617) 542-8028
      Email: jwagner@nclc.org

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned does hereby certify that the foregoing PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT was served via the CM/ECF system on the attorneys listed below:

Mr. Jonathan Williams
Mr. Craig Martin
Cedar Grove Law
Post Office Box 1389
Hillsborough, NC  27278

This the 14th day of October, 2025.

                                      **LAPAS LAW OFFICES, PLLC**

                            By:   *s/ Adrian M. Lapas*
                                     Adrian M. Lapas
                                     Attorney for Plaintiffs